IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LORAINE M. M.d.H.**,[1] <br><br> Plaintiff, <br><br> v. <br><br> **NANCY A. BERRYHILL,** Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, <br><br> Defendant. | Case No. 6:17-cv-0049-SI <br><br> **OPINION AND ORDER** |

Richard F. McGinty, McGinty & Belcher, P.O. Box 12806, Salem, OR 97301. Of Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Renata Gowie, Assistant United States Attorney, UNITED STATES ATTORNEY'S OFFICE, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Kathryn A. Miller, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Loraine M.d.H. ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). For the following reasons, the Commissioner's decision is AFFIRMED.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

# BACKGROUND

## A. Plaintiff's Application

Plaintiff filed an application for SSI on January 16, 2013, originally alleging she became disabled on March 1, 2002. AR 244.[2] Plaintiff later amended her alleged disability onset date to October 24, 2012. AR 55. Born in 1973, Plaintiff was 39 years old at the alleged disability onset date and 42 years old at the time of her hearing. AR 244. She attended high school until the tenth grade. AR 276. Plaintiff had past relevant work experience as a fast food worker, ice cream server, office specialist, cannery worker, and pizza delivery driver. AR 40, 317. She alleged disability due to spinal and back pain, moodiness and fatigue from Graves' disease, Hepatitis C, anger outbursts and meltdowns due to post-traumatic stress disorder ("PTSD"), anemia, high blood pressure, increased heartrate from "premature ventricular contraction," high cholesterol, and foot numbness. AR 305, 378.

The Commissioner denied Plaintiff's application initially and upon reconsideration, and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 97, 122, 181. On June 19, 2015, a hearing was held before ALJ Joanne Dantonio, at which Plaintiff, her counsel, and Nancy Bloom, a vocational expert ("VE"), were present. AR 52-78. In a decision dated August 18, 2015, the ALJ found Plaintiff not disabled. AR 19-42. The Appeals Council denied Plaintiff's request for review on November 16, 2016, making the ALJ's decision the final decision of the Commissioner. AR 1-4; *see also* 20 C.F.R. § 422.210(a). Plaintiff seeks judicial review of that decision. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

---

[2] Plaintiff also filed for Disability Insurance Benefits ("DIB") under Title II of the Act. AR 240. Her DIB claim, however, was dismissed after she amended her alleged disability onset date to a date after Plaintiff was last insured for DIB. AR 55-56.

## B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the

claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

The ALJ performed the sequential analysis noted above. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 16, 2013, the application date. AR 21. At step two, the ALJ found Plaintiff had the following severe impairments: lumbar spondylolisthesis with bilateral pars defect, lumbar foraminal stenosis, lumbar radiculopathy, obesity, and left shoulder rotator cuff syndrome. *Id.* The ALJ further found Plaintiff's Graves' disease, Hepatitis C, abdominal and pelvic impairments, cardiac complaints, diabetes mellitus, high blood pressure, high cholesterol, leg and foot numbness, hernia, kidney stone, tension headaches, neck pain, anemia, de Quervain's tenosynovitis, anxiety, and PTSD were non-severe. AR 22-28. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of one of the specific impairments listed in the regulations. AR 29.

The ALJ next determined Plaintiff's RFC and found she could perform sedentary work, with the following limitations:

> She can sit in 30-minute increments at a time before needing a change of position for a minute or 2 to stand or walk, for a total of 6 hours of sitting in an 8-hour workday. She can stand for no more than 15-minute increments and/or walk in 15 to 30-minute increments for a total of 2 hours in an 8-hour workday. [She] should not climb ladders, ropes, or scaffolds. She is able to occasionally climb ramps and stairs and occasionally stoop, kneel, crouch, and balance. She is unable to crawl. [She] is unable to perform overhead reaching on the left. She should avoid concentrated exposure to high impact vibrations and hazards, such as moving machinery and unprotected heights.

*Id.* At step four, the ALJ found Plaintiff was unable to perform any of her past relevant work. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. AR 41-42. Specifically, the ALJ found Plaintiff could perform such representative

PAGE 6 – OPINION AND ORDER

occupations as charge account clerk, addresser, and document preparer. AR 42. Accordingly, the ALJ found Plaintiff was not disabled from January 16, 2013, through the date of the decision, August 18, 2015. *Id.*

## DISCUSSION

The sole issue on appeal is whether the ALJ's finding at step five that Plaintiff could perform other work in the national economy was supported by substantial evidence. At step five of the sequential analysis, the burden of proof rests with the Commissioner to establish whether other work exists in the national economy that an individual of the claimant's age, education, work experience, and RFC is able to perform. *See* 20 C.F.R. § 416.969; *Tackett*, 180 F.3d at 1099. In making this finding, an ALJ relies "primarily" on the *Dictionary of Occupational Titles* ("DOT") for information about the requirements of other work in the national economy.[3] SSR 00-04p, at *2. An ALJ may also rely on a VE as a source of occupational evidence. *Id.* In posing hypothetical questions to the VE to determine if other work exists that a claimant can perform, an ALJ must include all of the claimant's functional limitations which are supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). An ALJ has an affirmative duty to resolve any obvious or apparent conflicts between the DOT and VE testimony. *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007); *Lamear v. Berryhill*, 365 F.3d 1201, 1205 (9th Cir. 2017); SSR 00-04p, at *4.

---

[3] This includes the DOT's companion publication, the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*. *See*, U.S. Dep't of Labor, SCO (U.S. Emp. And Training Admin., 1993).

PAGE 7 – OPINION AND ORDER

Plaintiff argues the representative occupations identified by the VE require frequent reaching per the DOT,[4] which is inconsistent with Plaintiff's RFC limiting her to no overhead reaching with the left arm. AR 29. The DOT defines "reaching" as "extending hands and arms in any direction." SSR 85-15, *available at* 1985 WL WL 56857, at *7 (1985); *see also Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles*, U.S. Dep't of Labor, SCO, App. C p. C-3 (U.S. Emp. and Training Admin., 1993). Thus, the DOT's definition of "reaching" is quite broad and does not distinguish whether one or both hands are needed to perform the work, whether the reaching can be performed with only one hand or arm, or whether the work involves reaching overhead, to the side, front, or behind. As the Ninth Circuit has found, "[w]hile 'reaching' connotes the ability to extend one's hands and arms 'in any direction,' . . . not every job that involves reaching requires the ability to reach overhead." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

The ALJ asked the VE at the hearing whether her testimony was consistent with the DOT, and specifically asked about Plaintiff's reaching limitations. AR 77. The VE confirmed that the DOT does not discuss overhead reaching requirements and explained her testimony on the reaching limitation was based on her "knowledge, training, education, and experience and observations of various occupations." *Id.* The ALJ found the VE's "testimony did not conflict with the DOT and to the extent the DOT was silent on areas addressed in her testimony, such testimony was based on her experience." AR 42.

The Commissioner argues that Plaintiff has forfeited any challenge of the ALJ's step five finding because Plaintiff's counsel failed to cross-examine the VE about the overhead reaching

---

[4] Charge-Account Clerk, DOT 205.367-014; Addresser, DOT 209.587-010; and Document Preparer, DOT 249.587-018 all require frequent reaching—"from 1/3 to 2/3 of the time." *See, e.g.*, *Dictionary of Occupational Titles*, *available at* 1991 WL 671715 (4th ed. 1991).

limitation at the hearing. The Commissioner relies on *Shaibi v. Berryhill*, 883 F.3d 1102, 1109-1110 (9th Cir. 2018), in making this argument. In *Shaibi*, the claimant sought to introduce new evidence that contradicted the VE's estimates of the number of "other work" positions available in the national and local economies. *Id.* at 1108. The Ninth Circuit held that "when a claimant fails entirely to challenge a vocational expert's job numbers during administrative proceedings before the agency, the claimant forfeits such a challenge on appeal, at least when that claimant is represented by counsel." *Id.* at 1109. The facts in *Shaibi*, however, are distinguishable from this case because *Shaibi* concerned new evidence brought for the first time in the district court on appeal. Here, Plaintiff is not attempting to introduce new evidence; she asserts instead that the ALJ erred in evaluating the existing evidence. Furthermore, Plaintiff is not challenging the VE's job numbers estimates. Accordingly, *Shaibi* is not applicable to the case at bar.

As to the merits of Plaintiff's argument, Plaintiff attempts to manufacture conflict and ambiguity where none exist. In addition to arguing there is an unresolved conflict between the VE's testimony and the DOT, Plaintiff asserts the VE's experience with "various occupations" does not definitively establish that she had experience with the specific occupations she identified Plaintiff was capable of performing. Thus, argues Plaintiff, it would be inappropriate to speculate about the VE's testimony or what the ALJ inferred from that testimony. Plaintiff's argument fails for two reasons. First, as found by the ALJ, the DOT is silent on whether any specific occupation necessitates the ability to reach overhead. Indeed, one of the reasons VEs give testimony is to "provide more specific information about jobs or occupations than the DOT." SSR 00-04p, at *2-3 ("Evidence from VEs . . . can include information not listed in the DOT."). Because the VE's testimony touched on an issue not expressly described by the DOT, there was no conflict that needed to be resolved. This was discussed in *Gutierrez*.

In that case, the Ninth Circuit held that for a difference between the VE's testimony and the DOT to be characterized as a conflict, the difference must be "obvious or apparent," which means the conflicting aspect of a job that is "essential, integral, or expected." *Gutierrez*, 844 F.3d at 808. The Ninth Circuit concluded that the ALJ did not err by failing to ask the VE to resolve why a limitation for overhead reaching did not conflict with a cashier job that required "reaching." *Id.* The court found that overhead reaching was not an "essential, integral, or expected" part of the cashier job that required reaching as defined in the DOT and thus there was no "obvious and apparent" conflict. *Id.* In reaching that conclusion, the court considered the common knowledge of a cashier job as one that would not include reaching overhead, as compared to a stock clerk, which would include reaching overhead. Here, the ALJ did more than the ALJ did in *Gutierrez*, by asking whether there was a conflict with the jobs and Plaintiff's reaching limitations. The VE responded that based on her experience and knowledge, there was no conflict. The ALJ agreed.

There is no indication that "overhead reaching" is an "essential, integral, or expected" part of the jobs identified as ones Plaintiff could perform—document preparer, addresser, and charge account clerk. Indeed, the DOT descriptions support the VE's expert opinion that overhead reaching is not required in these jobs. A document preparer prepares documents for microfilming, uses a paper cutter, uses photocopiers, and uses rubber stamps. DOT 249.587-018, *available at*, 1991 WL 672349, at *1 (1991). The position of "addresser" is described as: "Addresses by hand or typewriter, envelopes, cards, advertising literature, packages, and similar items for mailing. May sort mail." DOT 209.587-010, *available at* 1991 WL 671797, at *1 (1991). Finally, a charge-account clerk interviews applicants applying for charge accounts, confers with applicants regarding the type of available accounts, assists customers in filling out

applications, reviews applications sent in the mail, files the applications once they are approved or disapproved, may check references via telephone or letter, may verify entries, and may answer credit rating requests from banks, and may issue temporary shopping slips. DOT 205.367-014, *available at*, 1991 WL 671715, at *1 (1991). The ALJ's acceptance of the VE's testimony that there was no conflict was not error.

Second, the VE's testimony was not ambiguous. In response to the ALJ, the VE stated that her education, training, and familiarity with the representative occupations led her to the conclusion that those jobs were compatible with Plaintiff's reaching limitation. AR 77; *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A VE's recognized expertise provides the necessary foundation for his or her testimony."). The ALJ reasonably found the VE's reference to "various occupations" indicated the VE had enough experience with the representative occupations to give sworn testimony that Plaintiff could perform those jobs despite her limitations. AR 42; *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record." (citation omitted)). Accordingly, the ALJ's step five finding was proper and based on substantial evidence.

## CONCLUSION

The Commissioner's decision that Plaintiff was not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 20th day of August, 2018.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge